# Fischer v. Jacobs

*Charles H. Dorsett*, for plaintiffs.

*Robert H. Malis*, for defendants.

GREENBERG, J., May 17, 1967.—The facts in the instant case are not in dispute, and can be succinctly summarized. This is a motion of defendants, debtors on a second mortgage, to strike a judgment entered by confession upon their bond and warrant. The dispute centers around a two percent "placement fee" required to be paid each year during the five year term of a second mortgage, in addition to the six percent interest on the principal.

The terms of the original agreement of sale, which was conditional upon obtaining a use registration permit from the zoning board of adjustment, and subsequent dealings which culminated in the sale of the property, need not detain us here.

Briefly, mortgagors complained to mortgagees that the two percent placement fee was usurious, and there was much correspondence between counsel regarding this allegation. Meanwhile, to prevent default, defendant-mortgagors paid the sums called for under the terms of the mortgage, but registered their protest concerning the payment of two percent "placement fee". Finally, mortgagors filed a bill in equity seeking

to restrain entry of judgment and asking for judicial determination of the liability to pay the said two percent per annum. A return day was scheduled one week in advance, and counsel for mortgagees, Charles H. Dorsett, asked counsel for mortgagors, Robert H. Malis, for a 30 day postponement for his (Dorsett's) convenience. This postponement was sought and granted in writing.

Some 12 days after receiving the postponement that he requested, counsel for mortgagees proceeded to enter judgment by confession upon the bond and warrant, without any notice to mortgagors or their counsel. He alleged default and assessed damages against mortgagors, who had shortly before granted him the postponement which he had requested. This motion to strike the judgment followed.

The sole argument of counsel for mortgagees, on the facts we have stated, is that a rule to strike off a judgment is procedural only and does not go to the merits of the action. He urges upon this court, sitting as a court of equity, that "To strike this judgment would undermine the time honored tradition of mortgage foreclosure by confession of judgment on the Bond and Warrant of Attorney, and deny these Plaintiffs their legal right to collect an amount admitted due from Defendants".

We do not here consider the merits of the alleged usurious interest. We are well satisfied that any default was a strictly technical one, and that mortgagors tendered all payments as they fell due. Nevertheless, we do not base our decision on technical grounds; there is an issue in this case of far greater importance and upon which we feel constrained to comment.

The Canons of Professional Ethics are clear in such a case as we have before us. Canon XXV, under the heading Taking Technical Advantage of Opposite Counsel, provides as follows: "A lawyer should not

ignore known customs of practice of the Bar or of a particular Court, even when the law permits. . . ." In the instant case, counsel for mortgageees, Charles H. Dorsett, after requesting and receiving a postponement for his own convenience and without any notice to opposing counsel, obtained the very judgment which the bill in equity sought to restrain pending a judicial determination of the rights of the parties. Candor and fairness to opposing counsel should have precluded such unfair tactics, which we think border on unethical conduct. This court strongly condemns these and all kindred practices and, sitting as a court of equity, we will not countenance such action. A judgment obtained by such action on the part of counsel cannot be permitted to stand, irrespective of any purely legal or technical arguments to the contrary.

The motion to strike is granted.